IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV781 |
| | ) | |
| MATTHEW GINN, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Plaintiff's claims are not clear. It appears that Plaintiff may be attempting to raise claims that would call into question his criminal conviction for failing to register as a sex offender. As the Court has told him previously, Plaintiff is not permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Further, Plaintiff appears to be attempting to sue his attorney for the handling of the case that led to that conviction. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981). Plaintiff asserts that his

attorney acted under state law because he "conspired" with the prosecutor, but Plaintiff sets out no facts to support this conclusory allegation. Thus, it does not appear that Plaintiff has asserted a claim under § 1983.[1]

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

---

[1] The Court also notes that with respect to the substance of the claims, Plaintiff contends that his attorney should have argued for termination of Plaintiff's sex offender registration requirement under 42 U.S.C. §§ 16911(2)-(4) and 16915. Those statutes were recodified as 34 U.S.C. §§ 20911 and 20915, respectively. The first statute cited, § 20911(2)-(4) defines tier I, II, and III sex offenders. The second statute states that tier I offenders must comply with registration requirements for 15 years, tier II offenders for 25 years, and tier III offenders for life. However, under § 20915(b) the term for a tier I offender can be reduced to 10 years if a clean record is maintained for 10 years. It appears from the Complaint that Plaintiff believes that he is a tier I offender entitled to a reduction. However, even if those statutory provisions applied to Plaintiff, he claims to have kept a clean record for only 5 years, not the required 10 years, and the reduced term would have been to 10 years, not 5 years.

2

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2018.

        /s/ Joi Elizabeth Peake
    United States Magistrate Judge